UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANUEL BLANCO and
LIXIS QUINTOSA,

    Plaintiffs,

v.                                                   CASE NO. 8:17-cv-2626-T-02SPF

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## **O R D E R**

Upon due consideration of Plaintiffs' Motion to Compel Better Discovery Responses (Dkt. 90) and Defendant's Opposition (Dkt. 92), the Court concludes the motion should be granted in part and denied in part.

### BACKGROUND

Defendant responded in late December 2018 to Plaintiffs' requests for production, requests for admission, and interrogatories. Dkt. 90-1 at 32-69 (requests for production), at 19-31 (privilege log), at 12-18 (requests for admission), at 74-96 (interrogatories). Plaintiffs now seek more precise responses to the discovery. Dkt. 90. For the following reasons, many of Plaintiffs' discovery objections are not properly before this Court.

Plaintiffs' counsel on July 12, 2019, set forth in great detail the asserted shortcomings of Defendant's responses to the requests for production. Dkt. 90-1 at 1-9. The particular responses were identified by number. *Id*. Defendant agreed to amend its objections and supplement the responses by August 2, 2019. Dkt.90-1 at 10-11 (email dated 7/26/2019), at 60-75 (supplemented objections and responses). Although the July 12 correspondence referenced generally the responses to the requests for admission and interrogatories, none were specifically described or identified.

On July 26, 2019, in an email, Plaintiffs' counsel for the first time identified the interrogatory responses with which he took issue. Dkt. 90-1 at 10-11. In the same email, he requested that Defendant's counsel respond to the issues regarding the interrogatories by August 2 or "they will be included in our Motion to Compel." *Id.* at 10. He was apparently referring to his motion to compel responses to the requests for production, which he would file if Defendant failed to supplement as promised by August 2, 2019.

On August 2, 2019, Defendant supplemented the responses to the requests for production. Dkt.90-1 at 60-75. That same day, a Friday, counsel for Defendant emailed Plaintiffs' counsel in response to the July 26 email. Dkt. 92-4. He confirmed that he would be "making similar amendments to our responses to

interrogatories" and having his client execute them. *Id*. He noted that he would be out of the office the following week, which ended August 9, 2019. *Id*. Plaintiffs nevertheless filed the instant motion to compel on August 8, 2019. Dkt. 90.

## ISSUES BEFORE THIS COURT

In the motion, Plaintiffs' counsel explains why the responses to all three discovery tools are deficient. Each type of discovery will be addressed in turn.

### *Requests for Admission/Privilege Log*

Other than Plaintiffs' argument in the instant motion, Plaintiffs never conveyed anything to Defendant regarding the responses to the requests for admission or Defendant's privilege log. In this regard, Plaintiffs have failed to comply with the good-faith conferral required by Federal Rule of Civil Procedure 37 and Local Rule 3.01(g). *See Progressive Emu, Inc. v. Nutrition & Fitness Inc.*, 2019 WL 3798494, at *5 n.10 (11th Cir. 2019) (noting that Rule 37 "expressly requires an attempt to confer in good faith before filing a motion to compel" and local rule may impose a duty to confer); *MacKay v. Creative Hairdressers, Inc.*, No. 3:17-cv-421-J-32MCR, 2019 WL 937734, at *1 (M.D. Fla. Jan. 7, 2019) (noting that Rule 3.01(g) means to "speak to each other in person or by telephone,

in a good faith attempt" to resolve issues).[1] The responses to the requests for admission and the privilege log will therefore not be finally determined, and the motion is denied without prejudice due to failure to confer appropriately.[2]

### *Interrogatories*

With respect to the interrogatory answers, Plaintiffs likewise failed to confer sufficiently in good faith. The first time Defendant was aware of any infirmities was the July 26 email. On August 2, Defendant communicated that amended responses would be forthcoming, although implying that his absence the following week may cause delay. By filing the motion the following week, before speaking again with Defendant's counsel, Plaintiffs did not confer in good faith. Correspondence alone does not satisfy the meet-and-confer requirement of Rule 37 or Rule 3.01(g). *Id*. The answers to the interrogatories will therefore not be examined, and the motion is denied without prejudice due to failure to confer appropriately.

---

[1] Although not substantive law or inflexible rule, the discovery handbook expresses generally accepted discovery practice. *See* Middle District Discovery (2015) at 3 ("Rule 3.01(g) is strictly enforced."). The handbook can be found on the Court's website, www.flmd.uscourts.gov.

[2] At first glance, however, the privilege log does not adequately identify the document type, author, recipient or description. *See Walker v. GEICO Indem. Co.*, No. 6:15-cv-1002-Orl-41KRS, 2016 WL 11578802, at *2 (M.D. Fla. May 20, 2016) (listing the description requirements for privilege logs). Defendant should work with Plaintiffs and make corrections to the privilege log.

### ***Requests for Production***

The only discovery responses which conceivably could be addressed by this Court are the supplemental ones to the requests for production, which Defendant timely submitted to Plaintiffs. While Plaintiffs' counsel can be said to have conferred in good faith before Defendant amended its responses, there is no indication that he ever told Defendant's counsel the insufficiencies with the amended responses before filing this motion. Nevertheless, Plaintiffs' issues with the continued failure to produce those documents Defendant agreed to produce is well-taken. To the extent Defendant's response was not amended to comply with Plaintiffs' original requests, this Court will consider them.

Request for Production No. 1

The supplemented response asserts the same relevancy objection as the original response. This objection is overruled. Written agreements between Plaintiffs and Defendant are relevant as reasonably calculated to lead to the discovery of admissible evidence regarding the subject matter of the case for fraud. Even though Defendant asserts that its relationship concerning deposit agreements or credit card accounts is irrelevant, the parties' relationship as a whole is relevant.

Request No. 4

Defendant's supplemental response promised to produce non-privileged SIEBEL screen printouts but otherwise objected to "all documents" on the basis of vagueness. This response is almost identical to the original response. Defendant has failed to produce the documents, and the request is not vague. In any event, Defendant has just now withdrawn any objection to this request. Dkt. 92 at 5. Defendant must produce documents that reflect each entry of information regarding Plaintiffs' mortgage loans. If no such documents exist, then Defendant must so state in a response.

Request No. 6

Defendant claims it would be unduly burdensome to produce every document received from Plaintiffs in 2009, 2010, 2011, and 2012 in connection with their mortgage applications for one property. Defendant states it has produced all "imaged correspondence" in connection with the mortgage loan. It is apparent from the arguments that Defendant believes Plaintiffs seek emails, while Plaintiffs readily state they seek HAMP applications provided by Plaintiffs to Defendant. The objection is overruled. Defendants must produce these documents.

Request No. 9

Defendant states that it produced the payment history "which itemized the inspection fees that were charged to Plaintiffs' account." Dkt. 92 at 7; Dkt. 90-1 at 71. To avoid any confusion, Defendant must produce the documents reflecting the inspection fees performed on the property, which request is reasonably calculated to lead to the discovery of admissible evidence.

Request No. 10

Defendant reiterates its objection that the request for documents indicating the manner in which the inspection fees were divided among Defendant and other vendors is not relevant and is unduly burdensome. Defendant claims that the emails of every bank employee would have to searched for any reference to "manner in which inspection fees are divided" and "who received a share of inspection fees charged to the Plaintiffs for inspections." Plaintiffs counter that the division of the fees is highly relevant because it could lead to admissible evidence regarding the motive and amount of profit Defendant received from the alleged improper charging of the inspection fees. The burden of providing records that show who profited from these inspection fees does not appear as overly taxing as Defendant states. On balance, Defendant's argument does not convince, and the objections are overruled.

Request No. 11

Although Defendant agreed to produce the policies for approving and denying a mortgage modification under HAMP under a confidentiality agreement already executed by the parties, Defendant has failed to do so. Defendant shall produce them.

Based on this record, the request for sanctions is denied.

It is therefore **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Better Discovery Responses (Dkt. 90) is granted in part and denied in part. Defendant shall submit amended responses and produce documents consistent with this Order to Plaintiffs on or before September 8, 2019.

**DONE AND ORDERED** at Tampa, Florida, on August 30, 2019.

                                     s/*William F. Jung*
                                     **WILLIAM F. JUNG**
                                     **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record